IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Appellant,

v.

VANESSA VALDIGLESIAS LAVALLE,

Respondent.

No. 82869-0-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Vanessa Valdiglesias LaValle appealed from a guilty verdict on one count of solicitation of murder in the first degree, asserting multiple grounds on appeal. In reviewing the only ground before it, the Washington Supreme Court affirmed her conviction based on its interpretation of the criminal solicitation statute, RCW 9A.28.030(1), and remanded back to this court. After reviewing her only remaining claim, we hold that the trial court abused its discretion by refusing to consider Valdiglesias LaValle's expert's report in determining whether to grant her request for an exceptional sentence below the standard range. We vacate the sentence and remand for resentencing.

FACTS

The underlying facts are set out in this court's published opinion. See State v. Valdiglesias LaValle, 23 Wn. App. 2d 934, 518 P.3d 658 (2022) (LaValle I), rev'd in part, 2 Wn.3d 310, 535 P.3d 856 (2023) (LaValle II).

Valdiglesias LaValle was convicted of solicitation of murder in the first degree following a jury trial. At trial, the State admitted video of her telling her son, S.G., that if he poisoned his father, Valdiglesias LaValle's former husband, Timothy Grady, she and S.G. would be together forever.

Valdiglesias LaValle appealed. This court reversed her conviction, holding that what she offered did not meet the "other thing of value" requirement in the criminal solicitation statute, RCW 9A.28.030(1). LaValle I, 23 Wn. App. 2d at 949-50. We also affirmed the trial court's denial of her motion to suppress the recording of her conversation with her son S.G. Id. at 943. Valdiglesias LaValle did not cross-appeal our holding affirming the suppression ruling. Because we reversed Valdiglesias LaValle's conviction, we did not reach her additional claim that the trial court failed to consider her expert's report in determining whether to grant her request for an exceptional sentence below the standard range. Id. at 936. Because the only issue before the Supreme Court was the interpretation of RCW 9A.28.030(1), in which they reversed this court, LaValle II, 535 P.3d at 863, on remand we now review Valdiglesias LaValle's remaining claim – whether the trial court erred in failing to consider an expert report she submitted to support her request for an exceptional sentence below the standard range based on mitigating factors outlined in RCW 9.94A.535(1)(h) and (j).

At sentencing, Valdiglesias LaValle requested an exceptional sentence of 364 days of jail, below the minimum standard range of 180 months. She cited the following examples under RCW 9.94A.535(1) as possible grounds for mitigation:[1]

---

[1] The defense sentencing memorandum also listed "(g) The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010."

(h) The defendant or the defendant's children suffered a continuing pattern of physical or sexual abuse by the victim of the offense and the offense is a response to that abuse.

. . . .

(j) The current offense involved domestic violence, as defined in RCW 10.99.020, and the defendant suffered a continuing pattern of coercion, control, or abuse by the victim of the offense and the offense is a response to that coercion, control, or abuse.

Valdiglesias LaValle reminded the court that "[t]his court may also impose a sentence below the standard range based on findings of any other relevant mitigating factor." To support her request for mitigation, Valdiglesias LaValle summarized the domestic violence she experienced while married to Grady, and she submitted a psychological evaluation along with documentation relied upon by the expert that included police reports and witness statements dating from 2009 to 2016, medical records, and social service records relating to Valdiglesias LaValle and her children.

Dr. Claudette S. Antuña described Valdiglesias LaValle as "a survivor of verbal, emotional, psychological, physical abuse, sexual and financial abuse perpetrated by husband on her," and diagnosed her with Chronic Posttraumatic Stress Disorder and Victim of the Crime of Domestic Violence in the U.S, among other diagnoses.[2] The evaluation was conducted at the request of her defense attorney. Antuña wrote:

It is recommended that [Valdiglesias LaValle] receive culturally competent and linguistically sensitive psychotherapy to deal with the physical, verbal, emotional, psychological abuse she has sustained at the hands of her husband and needs to understand the long-term consequences of these events on her, and her children who also need individual counseling and with their mother would benefit from family counseling.

Valdiglesias LaValle also submitted a letter from Skagit Domestic Violence &

---

[2] Other diagnoses included histrionic personality disorder, personal history of verbal, physical, emotional, psychological, financial abuse from spouse, and imprisonment.

Sexual Assault Services (DVSAS), which helps victims of domestic violence and sexual assault through shelter and counsel, among other things, to establish that she was receiving services from DVSAS since July 2010.

Defense counsel explained to the court that the psychological evaluation included police reports from incidents going back to 2009 and included statements from lay witnesses and not just Valdiglesias LaValle. He stated that throughout his time working with Valdiglesias LaValle, she always worried about the safety and well-being of her children. He told the court that Valdiglesias LaValle always complied with police and came in voluntarily, never denying what she had said. He further contended that proportionality was a clear basis for the court to consider an exceptional sentence below the standard range because no one was physically hurt.

The State submitted a letter from forensic psychiatrist Mark McClung. The State had asked McClung to review the evidence related to the present case and to comment on Antuña's report. McClung did not evaluate Valdiglesias LaValle. McClung noted some criticism of Antuña's methodology and also wrote, "The report mentions no discussion with the defendant regarding the defendant's thoughts, emotions or decision-making at the time of the crime; it provides no specific connection between the psychological evaluation findings, and [Valdiglesias LaValle]'s mental state at the time of her criminal acts." McClung did not otherwise dispute Antuña's diagnosis that Valdiglesias LaValle was a victim of domestic violence.

The State recommended the low-end of the standard range, 180 months, and objected to an exceptional sentence below the standard range.

The court addressed Valdiglesias LaValle's request for an exceptional sentence below the standard range based on domestic violence, stating:

> She has raised issues of domestic violence that should be taken as a mitigating factor. That, from my recollection of not only testimony at the trial, but reviewing all the post-trial memorandums from the various psychiatric and psychological experts, that there is, in the court's mind, a missing link between the diagnosis and the criminal act itself, that even if she was suffering from Post-Traumatic Stress Disorder as a result of domestic violence from her marriage, there was nothing in this psychological report presented by the defendant, at least that I confirm is persuasive, it doesn't provide that connection, that her mental state at the time of her criminal acts in this case of solicitation was because of that.
>
> So I don't believe I could use that in this case, even though I'm quite empathetic to her descriptions of what happened in the marriage, but I don't believe I can use that.

The court followed the State's recommendation and imposed 180 months.

Valdiglesias LaValle appeals.

## DISCUSSION

Valdiglesias LaValle contends that the trial court abused its discretion when it concluded it could not impose an exceptional sentence below the standard range. We hold that the court applied the wrong legal standard in determining why it could not consider the proffered evidence of the defense expert's report.

Under Washington's Sentencing Reform Act, a party generally cannot appeal a standard range sentence. RCW 9.94A.585(1); State v. Brown, 145 Wn. App. 62, 77, 184 P.3d 1284 (2008). The trial court cannot abuse its discretion as a matter of law as to the sentence's length if the trial court imposes a sentence within the standard range as set by the legislature. Brown, 145 Wn. App. at 78. However, when this court reviews the trial court's denial of a defendant's request for an exceptional sentence below the standard range, "review is limited to circumstances where the court has

refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range." State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

The court may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence. RCW 9.94A.535(1). We need not determine whether the evidence Valdiglesias LaValle submitted sufficiently established a basis for mitigation under RCW 9.94A.535(1)(h) or subsection (j) because they, like all the other subsections listed, "are *illustrative only* and are *not intended to be exclusive reasons for exceptional sentences*." RCW 9.94A.535(1) (emphasis added). Valdiglesias LaValle correctly informed the court that it "may also impose a sentence below the standard range based on findings of any other relevant mitigating factor." The issue here is that the trial court believed it could not *use* Antuña's report because of a "missing link." Specifically, the court said it did not provide what "her mental state [was] at the time of her criminal acts." The court explained, "I don't believe I could use that in this case, even though I'm quite empathetic to her descriptions of what happened in the marriage, but I don't believe I can use that."

Notably, the parties dispute whether the court acknowledged the presence of domestic violence in the marriage. The State argues that "the trial judge expressed that information regarding abuse came from Valdiglesias [LaValle], but the judge did not state at any point that he believed that the abuse existed." The record establishes that the information submitted regarding abuse did not come from just Valdiglesias LaValle, but also eyewitnesses.[3]

---

[3] For example, the defense submitted a copy of an Anacortes Police Department report regarding a June 2, 2010 incident in which a witness told police she saw a female being pushed

The State contends that "[e]ven if the court had found that a continuing pattern of abuse existed, the court was not incorrect in determining that the language of the statutory factor explicitly requires some connection between the prior abuse and the current criminal act." We need not address the merits of the State's argument because the State's argument relates to the weight that the trial court might give Antuña's report rather than whether the trial court can and should consider the report in the first instance. The court must first, in exercising its discretion, consider what was properly submitted by defense before determining if it supported an exceptional sentence. See State v. O'Dell, 183 Wn.2d 680, 685-86, 358 P.3d 359 (2015) (remanding for resentencing after trial court incorrectly believed it was prohibited from considering the mitigating circumstance of whether youthfulness diminished the defendant's capacity to appreciate the wrongfulness of his conduct and supported an exceptional sentence below the standard range).

In the instant case, the trial court believed it could not "even use" Antuña's report in its consideration. We do not know of, nor does the State cite to, any authority that requires defendants to submit a forensic determination of the mental state at the time of the criminal offense in order for the trial court to *consider* a defendant's submitted

---

out of a vehicle and then pulled back in and the witness could see the male striking at the female and the female attempting to fend off the male while holding an infant child in her arms. The witness wrote a statement under penalty of perjury saying she tried to intervene after she saw the male pull the female and her child into the driver seat of the car, was swinging his arms like he was hitting her and held his hand over her mouth while pulling her and the child into the car. Police reported that the female, Valdiglesias LaValle, said her husband, Grady, called her names in the store and when they left he pushed and pulled her while she held her child, and he put his hand over her mouth to stop her from yelling for help. She also reported that he placed his hand around her neck but she was not choked. Police noted that Valdiglesias LaValle had minor marks on her neck and left side of her face which were consistent with her story. Police took Grady into custody after speaking with him about the incident.

psychological evaluation for the purposes of determining whether mitigating factors exist to support an exceptional sentence. In fact, the State does not argue that the trial court was prohibited from *considering* Antuña's report.

The court abused its discretion by denying Valdiglesias LaValle's request for an exceptional sentence without considering Antuña's report under the mistaken belief that it could not even consider the report without information of Valdiglesias LaValle's mental state at the time she committed the crime.

We vacate the sentence and remand for resentencing consistent with this opinion.

_Coburn, J._

WE CONCUR:

_Feldman, J._                    _Mann, J._